UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re:<br><br>GEORGETOWN GOLF CLUB, INC., et al.,<br><br>Debtors. | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 09-18710<br>)<br>)  Jointly Administered<br>)<br>) |

**EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING USE
OF CASH COLLATERAL AND GRANTING OF REPLACEMENT LIENS
OR, IN THE ALTERNATIVE, FOR IMMEDIATE DISMISSAL OF CASES**

Georgetown Golf Club, Inc. ("GGC"), New England Golf Partners, Inc. ("NEGP") and Georgetown Links, LLC ("GL," and collectively with GGC and NEGP, the "Debtors") hereby move, on an emergency basis, for the entry of an order authorizing the Debtors to use cash collateral during the limited period from September 17, 2009 through and including September 21, 2009 pursuant to §§ 105, 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 4001-2. In the alternative, the Debtors respectfully request that this Court immediately dismiss these cases.

As grounds for this emergency motion (the "Motion"), the Debtors respectfully state as follows:

**BACKGROUND**

1.  On September 11, 2009 (the "Petition Date"), the Debtors filed for relief under chapter 11 of the Code.

2. On the Petition Date, the Debtors filed so-called first day pleadings seeking, *inter alia*, the authority to borrow funds pursuant to the DIP Credit Agreement and to use cash collateral.

3. On September 15, 2009, this Court held a hearing on the first day motions and, in a decision from the bench, ruled that it would not grant Sovereign superpriority liens pursuant to § 364(d)(1) and permitted the parties to discuss whether alternative financing on terms which were consistent with the Court's decision would be available to present to the Court.

4. Since the Court's ruling, the Debtors and Sovereign, with the counsel of the Office of the United States Trustee, have been negotiating for financing which would provide the Debtors the financing that they need to operate during the interim period (through the week ending September 26, 2009) and which would be acceptable to this Court. The parties have been unable to reach an agreement relating to additional financing.

**RELIEF REQUESTED**

5. Notwithstanding the foregoing, the Debtors have events scheduled to take place on their facilities during the next several months, including, of particular importance, three weddings scheduled for the weekend beginning September 18, 2009. Sovereign has consented to the Debtors' use of its cash collateral to pay the costs associated with running these events, subject to the condition that they receive replacement liens in post-petition collateral to the extent of the use of cash collateral. The Debtors do not expect to operate their businesses beyond September 21, 2009.

6. The Debtors submit that no parties other than Sovereign hold a security interest in the cash collateral and/or the inventory and supplies that will be consumed to service these events. As set forth in the *Declaration of Peter Wojtkun in Support of "First Day" Relief, dated*

*September 10, 2009*, NEGP is the entity which oversees the function business of the Debtors' operations.  No party, other than Sovereign, holds a perfected security interest in the inventory, supplies, or accounts of NEGP.  The three creditors that objected to the DIP Financing Order hold interests and liens against the real property of GGC, but not the collateral of the other Debtors.  Accordingly, the granting of a replacement lien to Sovereign in the Debtors' post-petition collateral (including revenues generated by NEGP in holding the events) will not prejudice the rights or interests of any party in interest.

7. In the alternative, the Debtors respectfully request that this Court immediately dismiss these cases.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order authorizing the Debtors to use the cash collateral, granting Sovereign replacement liens in the post-petition collateral (other than claims and causes of action arising under chapter 5 of the Code), or, alternatively, dismissing these cases, and granting such other and further relief that it deems just and proper.

**GEORGETOWN GOLF CLUB, INC.**
**NEW ENGLAND GOLF PARTNERS, INC.**
**GEORGETOWN LINKS, LLC,**

Dated:  September 17, 2009

/s/  Kara M. Zaleskas
Paul D. Moore (BBO #353100)
pdmoore@duanemorris.com
Kara M. Zaleskas (BBO #651981)
kmzaleskas@duanemorris.com
Duane Morris LLP
470 Atlantic Avenue
Boston, MA 02210
(857) 488-4200

3